IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA MICHAEL LUKACH, | : | CIVIL ACTION NO. 3:17-cv-2344 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| GENE BERDANIER, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Joshua Michael Lukach ("Lukach"), a state inmate who, at all times relevant, was incarcerated at the Schuylkill County Prison, Pottsville, Pennsylvania, commenced this action on December 14, 2017. (Doc. 1).

Presently pending is Defendants' motion (Doc. 13) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b), filed on February 26, 2018. Defendants filed a supporting brief (Doc. 14) on that same date. Lukach failed to oppose the motion. On April 19, 2018, the Court directed him to respond to the motion by filing an opposition brief and cautioned him that his failure to file an opposition brief would render the motion unopposed. (Doc. 15). Lukach has failed to file an opposition brief. Consequently, Defendants' motion is deemed unopposed and, for the reasons set forth below, the Court will grant the motion.

## I. Rule 12(b)(6) Standard of Review

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)).

2

> Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. **Allegations of the Complaint**

Lukach alleges that, from August 7, 2015, to the present, while incarcerated at the Schuylkill County Prison, he has been subjected to overcrowded cell conditions in the form of being "triple-celled." (Doc. 1, p. 5). He avers that he has been forced to sleep on a three-inch thick mattress on the concrete floor by a toilet that often leaks urine and feces. (Id. at 6). He states that he suffers stress from the overcrowded cell and is experiencing back pain as a result of sleeping on the floor.

He acknowledges that there is a prisoner grievance procedure available and represents that he has fully exhausted available administrative remedies. (Id. at 2). He

alleges that he filed multiple grievances regarding this matter, but received no responses. (Id.)

He seeks monetary compensation for his physical, mental and psychological anguish.

### III. Discussion

Defendants seek to dismiss the complaint on the grounds that Lukach failed to exhaust his administrative remedies, as required by 42 U.S. C. § 1997e(a). The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); see Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" Id. "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. See Miller v. French, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")." Id. at 1856-57.

Significantly, "the PLRA contains its own, textual exception to mandatory exhaustion," *i.e.* the PLRA requires exhaustion of "available" administrative remedies. Id. at 1858. "Available" is defined as "capable of use for the accomplishment of a

4

purpose" and that which "is accessible or may be obtained." Id. at 1858-59, quoting Booth v. Churner, 532 U.S. 731, 737-38 (2001). There are three instances in which administrative remedies are unavailable. "First, as Booth made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end–with officers unable or consistently unwilling to provide relief to aggrieved inmates." Id. at 1859. "Next an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id.

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[ ] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " Id. at 93 (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002).). The requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford, 548 U.S. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228–29 (3d Cir. 2004) (utilizing a procedural default

analysis to reach the same conclusion). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 211–212 (2007).

Finally, whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. See Small v. Camden County, 728 F.3d. 265, 268 (3d Cir. 2013); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

According to Deputy Warden and Grievance Coordinator David Wapinsky ("Wapinsky"), the prison's Inmate Grievance Procedure in full force and effect from August 7, 2015, through December 11, 2017, requires that all grievances be referred to him for determination. (Doc. 13-2, Wapinsky Affidavit, ¶¶ 1, 2, 7, 8; Doc. 13-3; Doc. 13-5, Declaration of Warden Eugen Berdanier ("Berdanier Decl.") ¶ 2). A grievance is to be filed within thirty days of the incident. (Doc. 13-2 at 11; Doc. 13-3, p. 2). If an inmate is dissatisfied with the response to their grievance, he or she has the right to submit an appeal, in writing, to the warden within ten days of the receipt of the response. (Doc. 13-2 at 12; Doc. 13-3, p. 3, Doc. 13-5, at 2). The warden's decision on the appeal is deemed final. (Id.; Id.; Id.)

Lukach filed the following grievances: Grievance #916, filed June 22, 2016, concerning conduct of a correctional officer; Grievance #1017, filed September 17, 2017, regarding missing personal property; Grievance #1020, filed September 18, 2018,

6

requesting sick call, Grievance #1068, filed November 28, 2017, concerning a broken window and cell; and, Grievance #1084 questioning a deduction from his inmate account. (Doc. 13-2, ¶ 10). He failed to file a grievance concerning his allegations that he has been subjected to overcrowded cell conditions in the form of being "triple-celled," that he has been forced to sleep on a three-inch thick mattress on the concrete floor by a toilet that often leaks urine and feces, or that he suffers stress from the overcrowded cell and is experiencing back pain as a result of sleeping on the floor. (Doc. 1, pp. 5, 6). Lukach failed to properly utilize the administrative review process as required by the policies of the Schuylkill County Prison and the PLRA; his claims are now procedurally defaulted. See Spruill, 372 F.3d at 232. Accordingly, he is barred from proceeding in federal court.

## IV. Leave to Amend

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in

the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Because Lukach's claims are now procedurally defaulted, affording him the opportunity to amend would be futile.

## IV. Conclusion

Based on the foregoing, Defendants' motion (Doc. 13) to dismiss is deemed unopposed and will be granted.

An appropriate Order will enter.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: May 31, 2018